The Honorable John C. Coughenour

UNITED  STATES  DISTRICT  COURT
WESTERN  DISTRICT  OF  WASHINGTON
AT SEATTLE

SNOQUALMIE VALLEY PRESERVATION ALLIANCE,

                              Plaintiff,

              v.

UNITED STATES ARMY CORPS OF ENGINEERS,

                              Defendant.

No.  C10-01108-JCC

DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA AND SUBPOENA *DUCES TECUM*, AND MEMORANDUM IN SUPPORT

Defendant's Motion Noted for Consideration: October 19, 2010 [1]

Pursuant to Fed. R. Civ. P. 26(c), Defendant the United States Army Corps of Engineers ("Corps") requests a protective order releasing Corps employee Michelle Walker from appearing for the deposition noticed by Plaintiff and quashing the deposition subpoena and subpoena *duces tecum* Plaintiff issued to her on October 8, 2010. In this case, Plaintiff challenges under the Administrative Procedure Act ("APA") a "verification" regarding the applicability of certain Nationwide Permits ("NWP") issued by the Corps under the Clean Water Act ("CWA"), which

---

[1] Pursuant to Local Rule CR 7(i), on October 14, 2010, Defendant requested a telephonic motion and was directed instead to file this motion through the Court's electronic filing system.

is a pre-requisite to Puget Sound Energy ("PSE") having authorization to discharge dredged or fill material into 0.21 acres of waters of the United States.  Compl. (Docket No. 1) at 16. Judicial review of such challenges are limited to the administrative record under the arbitrary and capricious standard of review.  The administrative record for judicial review was filed by the Corps on September 10, 2010.  Summary judgment briefing in this case is well under way: Plaintiff filed its motion for summary judgment on August 5, 2010, and the Corps filed its combined opposition and cross-motion for summary judgment on October 4, 2010.  Plaintiff's response to the Corps' opposition and cross-motion is due October 25, 2010, and the Corps' reply is due October 29, 2010.[2]

As explained below, because judicial review is limited to the administrative record and summary judgment briefing is well underway, Plaintiff's recent request for discovery is inappropriate and Plaintiff's deposition subpoena and subpoena *duces tecum* should be quashed. On October 14, 2010, the Corps requested that this  motion be heard telephonically, because Plaintiff would not agree to defer the deposition and subpoena until after the date upon which the Court would rule on the Corps' motion if it were noticed in the normal manner.  During that request, the Corps was directed to file its motion electronically, and Plaintiff was directed to file a response by October 18, 2010.

**PROCEDURAL BACKGROUND**

### I.      Nature of the Case and Claims Before the Court

In its verification, the Corps determined that PSE's proposed discharges of dredged or fill material into waters of the United States are eligible for CWA authorization under NWPs 3, 33 and 39.  Plaintiff alleges that this verification is arbitrary and capricious under the APA, 5 U.S.C. §§ 701-706.  The referenced discharges into waters of the United States would be incidental to

---

[2]   On August 24, 2010, the Corps filed, pursuant to Fed. R. Civ. P. 56(f), a motion for extension of the briefing schedule for Plaintiff's Motion for Summary Judgment.  Dkt. No. 28.  Specifically, the Corps' requested permission to file its opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment on October 4, 2010.  The Corps' motion for extension remains pending with the Court.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH DEPOSITION SUBPOENA AND
SUBPOENA *DUCES TECUM*, AND MEMORANDUM IN SUPPORT
(C10-01108-JCC)- page 2

PSE's larger project to renovate portions of PSE's existing Snoqualmie Falls Hydroelectric Project ("Facility"), including replacing the Facility's diversion dam, modifying or upgrading certain features associated with two power plants, and installing temporary structures to facilitate those replacement and construction activities.  PSE's renovation project was fully evaluated by the Federal Energy Regulatory Commission ("FERC") through an extensive environmental review process spanning several years, after which FERC concluded that PSE's renovation project would not result in significant impacts to the human environment and ultimately licensed it.[3]

The Corps issued the verification challenged in this case on May 19, 2009.  Plaintiff filed its complaint on July 7, 2010 and moved for summary judgment on August 5, 2010.  The Corps timely filed the administrative record on September 10, 2010.  The Corps filed its combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment on October 4, 2010.  *See* The Corps' Br. (Docket No. 41).  Plaintiff's response to the Corps' cross-motion for summary judgment is due October 25, 2010, and the Corps' reply is due October 29, 2010.

## II.   Plaintiff's Deposition Subpoena and Subpoena *Duces Tecum* to Michelle Walker

In its motion for summary judgment, Plaintiff argues, among other things, that the Corps' verification under NWPs 3, 33, and 39, for the discharges of dredged or fill material into waters of the United States associated with PSE's renovation project at its Facility, is arbitrary and capricious, because (according to Plaintiff) only NWP 17 may be utilized for discharges associated with hydroelectric projects.  *See* Pl's Br. (Docket No. 8) at 14-16.  In response, the Corp's brief demonstrated that the Corps' NWPs are not, as Plaintiff contends, mutually exclusive.  *See* The Corps' Br. (Docket No. 41) at 33-37.  Rather, a proposed project may utilize any of a number of different NWPs, so long as that project satisfies the terms and conditions of

---

[3]   Plaintiff did not challenge FERC's decision to license PSE's renovation project and is now time-barred from doing so.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH DEPOSITION SUBPOENA AND
SUBPOENA *DUCES TECUM*, AND MEMORANDUM IN SUPPORT
(C10-01108-JCC)- page 3

those NWPs. *Id.* To inform the Court that the Corps has followed this interpretation in other matters as well, the Corps in a sentence and footnote of its brief requested that the Court take judicial notice that, in its Seattle District, the Corps has issued other verifications for discharges of dredged or fill material into waters of the Untied States associated with hydropower projects under NWPs other than NWP 17. *Id.* at 37. The Corps attached a declaration from Corps employee Michelle Walker describing these verifications, which are all public actions. Although the referenced verifications are not part of the administrative record for judicial review in this case, the Corps contends that the Court may take judicial notice of this information. *See, e.g., City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1113 n.1 (9th Cir. 2009) (judicial notice that a waiver decision had been made); *Sierra Club v. U.S. Army Corps of Eng'rs*, 450 F. Supp. 2d 503, 508 (D.N.J. 2006), *vacated on other grounds*, 277 Fed. Appx. 170 (3d Cir. 2008).

Although Plaintiff has not identified the scope for which it seeks to depose Ms. Walker, Plaintiff's deposition subpoena and subpoena *duces tecum* commands Ms. Walker to bring to her deposition "the project files for the fifteen projects listed immediately following paragraph 4 of your declaration in this matter" and "any and all documents that you considered or relied upon in composing your declaration in this matter." Deposition Subpoena and Subpoena *Duces Tecum* for Michelle Walker at 2.

### III. The Corps' Motion for Protective Order is Necessary Because the Parties Were Unable to Resolve their Dispute Amicably

In accordance with Fed. R. Civ. P. 26(c)(1) and Local Rule CR 26(c)(1), the Corps has conferred with Plaintiff's counsel in an attempt to resolve this dispute without the need to file this motion. When the Corps first learned of Plaintiff's intent to serve Michelle Walker with a deposition notice and subpoena, counsel for the Corps sent Plaintiff's counsel a letter on October 7, 2010, explaining that such discovery was not appropriate because judicial review is limited to the administrative record and directing Plaintiff to Local Rule CR 7(g) under which Plaintiff can move to strike Michelle Walker's declaration if Plaintiff believes the Corps has inappropriately

requested that the Court take judicial notice.  *See* Exhibit 1.  Counsel for Plaintiff did not confer

further on this matter (as counsel for the Corps requested); rather, on October 8, 2010, Plaintiff's

counsel served Ms. Walker with a deposition notice, subpoena and subpoena *duces tecum*, and

set Ms. Walker's deposition for Monday, October 18, 2010.  After conferring on October 12 and

13, 2010, the parties were unable to resolve their dispute and Corps counsel notified Plaintiff's

counsel that it would need to file a motion for a protective order.  *See* Exhibit 2.  Counsel for

Plaintiff would not agree to defer the October 18, 2010 deposition and subpoena dates until after

the Court ruled on the Corps' Motion for Protective Order, but did agree to reschedule the

deposition for October 21, 2010.

## ARGUMENT

Federal courts have broad powers under Fed. R. Civ. P. 26(c) to, "for good cause, issue

an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense."  This includes the Court's power to forbid discovery altogether.  Fed. R. Civ.

P. 26(c)(1)(A).  As shown below, there is good cause to prohibit the discovery requested and

issue a protective order.

### I.   The Court Should Preclude Ms. Walker's Deposition Because Judicial Review is Limited to the Administrative Record

Plaintiff's deposition notice and subpoena contradict the established framework for

judicial review of agency action under the APA.  As the Supreme Court has explained, "in cases

where Congress has simply provided for  review [under the APA], . . . [judicial] consideration is

to be confined to the administrative record and . . . no *de novo* proceedings may be held."  *United

States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (citations omitted); *see also Camp v.

Pitts*, 411 U.S. 138, 142 (1973).  Among other things, limiting judicial review to the

administrative record ensures that consideration of testimony or material outside the record does

result in the court substituting its judgment for that of the agency.  This rule has been repeatedly

enforced in this Circuit, by prohibiting discovery in record review cases under the APA.  *See,*

*e.g., Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991) (affirming district court's limitation of the scope of its review to the administrative record and barring of discovery where plaintiffs cannot support contention that the Forest Service acted in bad faith or relied on materials outside the record); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1438 (9th Cir. 1988) ("The Council has not demonstrated that it falls within any of the exceptions to the general rule that review of agency action is limited to the administrative record.  Therefore, the district court properly limited review to the administrative record and refused to permit discovery unless the Council provided adequate justification."); *Friends of the Earth v. Hintz*, 800 F.2d 822, 828-29 (9th Cir. 1986) (affirming district court in quashing deposition notices and limiting review to administrative record); *Am. Cargo Transport, Inc. v. United States*, No. C05-393JLR, 2007 WL 3171423, at *5 (W.D. Wash. Oct. 26, 2007) ("The court reviews an agency action challenged under the APA based solely on the administrative record. . . . Consequently, in an action for review of an administrative decision, a district court may limit discovery or deny it altogether.") (citations omitted).

Here, Plaintiff alleges that the Corps' decision to issue a verification under NWPs 3, 33 and 39 to PSE for its proposed discharges of dredged or fill material associated with its renovation project is arbitrary and capricious under the APA.  *See* Pl's Br. (Docket No. 8) at 14-20.  Judicial review is therefore to be based on the administrative record upon which the Corps relied in reaching its decision.  The Corps filed this record with the Court on September 10, 2010, and the Corps' Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment demonstrates how this record reasonably supports the Corps' verification.  Any testimony that Ms. Walker would give regarding any matter is not part of this record because the Corps did not rely on that testimony when it made its decision.  Accordingly, a deposition of Ms. Walker and subpoena *duces tecum* for extra-record material is not appropriate.

Although judicial review is limited to the administrative record, the Court may take judicial notice of publicly issued agency decisions that are outside the record in limited circumstances. *See, e.g.*, *City of Las Vegas, supra,* 570 F.3d at 1113 n.1; *Sierra Club, supra,* 450 F. Supp. 2d at 508. Plaintiff presumably seeks to depose Ms. Walker because the Corps noted in one sentence of its brief that the Court may take judicial notice that the Corps' Seattle District "has verified discharges associated with hydroelectric facilities with capacity greater than 5000 kilowatts under NWPs other than NWP 17 on a number of occasions." The Corps' Brief (Docket No. 41) at 37. In a footnote to that sentence the Corps referenced an attached declaration of Ms. Walker describing such verifications.[4] Thus, in the one sentence and footnote in the Corps' Brief, the Corps provided judicial notice of other verifications (which are not part of the record), solely to show that the Corps has applied its interpretation and guidance in other matters. *Id.* Neither the reasonableness of those other verifications, nor any other issues relating to those verifications, are at issue. Ms. Walker's declaration certifies that the verifications described in the declaration were issued by the Seattle Corps office, records of which are publicly available. The Court therefore has discretion under the doctrine of judicial notice to consider this information. The Corps submitted these verifications for judicial notice through Ms. Walker's declaration so that the information would be consolidated in one document and could be efficiently considered by the Court, rather than by reference to a larger set of documents.

If Plaintiff believes that the Court should not take judicial notice of the Corps' verifications set forth in Ms. Walker's declaration, Plaintiff's remedy is to move the Court to

---

[4] Footnote 1 to that sentence states:

> *See* Declaration of Michelle Walker, setting forth fifteen verifications issued by the Seattle District Office of the Corps for discharges associated with hydroelectric power plants under various NWPs other than NWP 17. Although these verifications are outside of the record, the court may take judicial notice of the content of these verifications. *See, e.g., City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1113 n.1 (9th Cir. 2009); *Sierra Club v. United States Army Corps of Engineers*, 450 F. Supp. 2d 503, 508 (D.N.J. 2006), vacated on other grounds, 277 Fed. Appx. 170 (3d Cir. 2008).

The Corps Brief (Docket No. 41) at 37.

strike that declaration in accordance with Local Rule CR 7(g).  That rule provides that if a party believes material was inappropriately attached to the opposing brief, the party may move to strike that material "in the responsive brief," so that any argument regarding striking that attached material "will be considered with the underlying motion."  *See* Local Rule CR 7(g).  Notably, this is precisely what the Corps did in its Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.  Plaintiff in its motion for summary judgment attached extra-record declarations, apparently for use to challenge the merits of the Corps' verification.  The Corps, therefore, moved to strike those declarations.  The Corps' Br. (Docket No. 41) at 39.   Resolving such disputes in this manner, through motions to strike in the body of the parties' respective briefs, not only comports with Local Rule CR 7(g), but it also allows the Court to resolve such disputes in context, when the Court resolves the motions for summary judgment.  This is the proper mechanism for resolving this issue.  *See Havasupai Tribe*, *supra*, 943 F.2d at 34; *Animal Def. Council, supra*, 840 F.2d at 1438 (9th Cir. 1988); *Friends of the Earth*, *supra*, 800 F.2d at 828-29; *Am. Cargo Transport, Inc., supra*, 2007 WL 3171423, at *5.  Plaintiff's discovery request, however, is not appropriate in this record review case.

Finally, if the Court would prefer to review public documents for these verifications rather than Ms. Walker's declaration, the Corps will submit these documents in lieu of the declaration.  The Corps offered this to counsel for Plaintiff during its conference in an effort to resolve this issue without the need for filing a motion for a protective order, but counsel for Plaintiff declined.  *See* Exhibit 2.

## II.     Plaintiff Has Not Identified Any Applicable Exception to the Rule that Discovery is Precluded in APA Record Review Cases

Plaintiff has made no attempt to establish that any of the limited exceptions to the record review doctrine apply to this case.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH DEPOSITION SUBPOENA AND
SUBPOENA *DUCES TECUM*, AND MEMORANDUM IN SUPPORT
(C10-01108-JCC)- page 8

Courts have recognized four situations where supplementation of the administrative record may be justified: (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) where there has been a strong showing of bad faith or improper behavior on the part of the agency decisionmakers. *See Animal Def. Council*, *supra,* 840 F.2d at 1436-38; *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998). These narrow exceptions to APA record review are just that – exceptions. *See Friends of the Earth*, *supra*, 800 F.2d at 828-29 (referring to "exceptions" to APA record review). Furthermore, the Ninth Circuit has held that a party seeking to avail itself of one of these exceptions has the burden to demonstrate that one of the exceptions applies and that discovery is warranted. *See Animal Def. Council*, *supra*, 840 F.2d at 1436-38 ("The Council has not demonstrated that it falls within any of the exceptions to the general rule that review of agency action is limited to the administrative record. Therefore, the district court properly limited review to the administrative record and refused to permit discovery unless the Council provided adequate justification."); *Havasupai Tribe*, *supra*, 943 F.2d at 34 (upholding district court's decision to bar discovery in record review case where party seeking discover had "pointed to nothing in support of its contention that the [agency official] acted in bad faith or relied on materials outside the administrative record"); *Friends of the Earth*, *supra*, 800 F.2d at 829 (upholding district court's order quashing deposition notices and rejecting party's contention that depositions were necessary "to determine whether the administrative record was a complete and accurate record"). Accordingly, discovery may not proceed unless the party first meets its burden to justify an exception to the rule that judicial review is limited to the administrative record.

Plaintiff has not, and cannot, meet its burden of demonstrating that the discovery it is seeking is justified under one of these limited exceptions. The Corps did not rely on Ms. Walker's declaration or the verifications referenced therein, or any other extra-record materials,

in issuing the verification challenged in this case.  Rather the Corps submitted the verifications described in Ms. Walker's declaration for the limited purpose of judicial notice to demonstrate that the Corps' has followed its NWP program in other verifications.  Further, the discovery Plaintiff seeks is not necessary for, or relevant to, determining whether the Corps considered the relevant factors or adequately explained its verification, and there are no technical terms or complex subjects that Ms. Walker's testimony would illuminate for the Court.  Moreover, there has been no showing that the Corps in any way acted in bad faith in issuing its verification.  Accordingly, any testimony Ms. Walker would provide is irrelevant to judicial review in this case and should be precluded.

As explained above, if Plaintiff believes that the Court should not take judicial notice of the verifications issued by the Corps for other projects described in Ms. Walker's declaration, Plaintiff's proper course is to move to strike that material from the Corps' Brief.  The Corps' request for taking judicial notice does not, however, provide a basis for discovery in a record review case such as this.

### III.   Assuming *Arguendo* the Court Denies the Corps' Motion for a Protective Order, the Court Should Narrowly Limit the Scope of Ms. Walker's Deposition

As stated above, the Corps offered Ms. Walker's declaration for the narrow purpose of presenting for judicial notice additional verifications in which the Corps has applied its interpretation and guidance.  The merits of these other verifications are not at issue, and these verifications are not at issue in this proceeding apart from the limited purpose for which judicial notice has been requested.  Accordingly, if the Court determines that Plaintiff may proceed with Ms. Walker's deposition and subpoena *duces tecum*, the Court should narrowly limit the scope of that deposition to questions to verify that those verifications were under NWPs other than NWP 17 and that they involved discharges into waters of the United States associated with hydroelectric facilities.  The deposition should not be used as a vehicle for Plaintiff to engage in a fishing expedition.

**CONCLUSION**

For the foregoing reasons, the Corps respectfully requests that the Court issue a protective order releasing Corps employee Michelle Walker from appearing for the deposition noticed by Plaintiff and quashing Plaintiff's deposition subpoena and subpoena *duces tecum*.

Dated this 14th of October, 2010

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General

s/ Matthew B. Henjum
MATTHEW B. HENJUM
DAVID KAPLAN
Trial Attorneys
U.S. Department of Justice
Environment & Nat. Resources Div.
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-2285 (HENJUM)
(202) 514-0997 (KAPLAN)
Facsimile: (202) 514-8865
matthew.henjum@usdoj.gov
David.kaplan@usdoj.gov

s/ Ty Bair
TY BAIR
Trial Attorney
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Ben Franklin Station
Washington, D.C. 20044-0663
Phone: 202-307-3316
Fax: 202-305-0274
E-mail: tyler.bair@usdoj.gov

JENNY A. DURKAN
United States Attorney

s/Rebecca S. Cohen
REBECCA S. COHEN, WSBA #31767
J. MICHAEL DIAZ, WSBA #38100
Assistant United States Attorneys
United States Attorney's Office

700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970

DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH DEPOSITION SUBPOENA AND
SUBPOENA *DUCES TECUM*, AND MEMORANDUM IN SUPPORT
(C10-01108-JCC)- page 12

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Charles A. Klinge
Brian D. Amsbary
GROEN STEPHENS & KLINGE LLP
11100 NE 8th St., Ste. 750
Bellevue, WA 98004
(425) 453-6206

Kristine Rayann Wilson
Mark W. Schneider
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 359-8000

s/ Matthew B. Henjum