The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNOQUALMIE VALLEY PRESERVATION ALLIANCE,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>Defendant,<br><br>and<br><br>PUGET SOUND ENERGY, INC.,<br><br>Applicant Intervenor-Defendant | No. CV-10-1108-JCC<br><br>**PLAINTIFF'S RESPONSE TO THE CORPS OF ENGINEERS' MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA AND SUBPOENA *DUCES TECUM*** |

Plaintiff Snoqualmie Valley Preservation Alliance submits this response to Defendant's Motion for Protective Order and to Quash Deposition Subpoena and Subpoena Duces Tecum. *See* Dkt. # 48. The Corps' vehemently argues that this case is based **solely** on the Administrative Record. Yet, in its Cross-Motion for Summary Judgment, *see* Dkt. # 39, 41, the Corps **went outside the Administrative Record** to rely upon the Declaration of Michelle Walker, Chief of the Regulatory Branch of the Seattle District of the Corps, *see* Dkt. # 40, 42.

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 1
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

Simply, the Corps cannot have it both ways. The Corps cannot rely on evidence outside the Administrative Record, extra-record evidence, and then deprive Plaintiff of a fair opportunity to challenge that evidence. The Ninth Circuit states unequivocally that this Court may allow extra-record evidence "**when the agency has relied on documents not in the record**." *Center for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (emphasis added). Here, the Corps has introduced and relied upon the Declaration of Michelle Walker with her summary conclusion regarding likely hundreds of pages of documents in fifteen case files. Neither the Walker Declaration nor the hundreds of pages of documents were part of the certified Administrative Record. Therefore, this Court may allow extra-record evidence, and hence discovery to potentially obtain that evidence, because the Corps has opened the door by relying on extra-record documents.

Taking Ms. Walker's deposition here is not only fully justified, but the fairest and most efficient manner to allow Plaintiff to explore the basis of Ms. Walker's summary conclusions. It is important to note that Plaintiff is merely seeking to employ a deposition as the **standard procedure to discover information**, then Plaintiff will decide what information to submit to the Court, if any, and the Court will have the opportunity **to determine the admissibility** of any submitted information as extra-record evidence.

## STATEMENT OF THE PROBLEM

Plaintiff's original Motion for Summary Judgment stated two succinct issues, the first stated as follows:

> **Issue One:** Whether work associated with a hydropower project that exceeds the limits of NWP 17—the only general permit that expressly applies to hydropower projects—may lawfully proceed under different nationwide permits?

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 2
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

1  Plaintiff's Motion for Summary Judgment (Dkt. # 8). A serious underlying problem facing this

2  Court is that the Corps' attorneys seek to perpetrate a **post-hoc rationalization** for the Corps'

3  decision. The Corps' briefing cleverly veils this post-hoc rationalization in pages of rhetoric, but

4  the reality is that the reasons provided in the briefing **were not cited by the Corps** when the

5  Corps made the decision in this case. Plaintiff pointed directly at the Decision Document in its

6  Motion for Summary Judgment, and the Corps expressly confirms in its brief that the Decision

7  Document is the basis for the Corps action: "The Corps' Decision Document sets forth the basis

8  for the Corps' verification that PSE's proposed discharge activities are eligible for authorization

9  under NWPs 3, 33, and 39." Def's Opp'n to Plf's Mot. for Summ. J. & Def's Cross-Mot. for

10 Summ. J. ("Corps' Brief"), p. 16:23-25 (Dkt. # 39, 41). The five page Decision Document is

11 found at AR #872 18224-28, and for the Court's convenience is provided as an attachment to this

12 submission. *See* Appendix 1.

13  Importantly, the Decision Document never mentions NWP 17, and thus never even

14 acknowledges, let alone addresses, the key issue—whether this hydropower project is ineligible

15 for the NWP program due to NWP 17. *See* Appendix 1. It should be noted that the Decision

16 Document **does not provide any rationale whatsoever** describing why the facts of this project

17 fall within NWPs 3, 33, and 39. Rather, the Decision Document merely provides a "Project

18 Description" for the work subject to each NWP without any "Discussion," "Reasoning," or other

19 analysis that takes the NWP regulations and applies them to the facts.

20  This momentary digression to the merits sets up the next point: the Corps Brief cites to

21 no document anywhere in the Administrative Record that addresses the key issue—Issue One.

22 The Corps previously stated that it needed to search far and wide to prepare the Administrative

23 Record, and Plaintiff observed that the Corps was going too far and was improperly searching for

24

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 3
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

1  documents to defend an undefendable position on NWP 17. Plf's Resp. to Def's Mot. for Ext. of

2  Time Pursuant to FRCP 56(f), p. 6:6-18 (Dkt. # 33). Yet, despite those efforts, the Corps **came**

3  **up with no documents** in the Administrative Record expressing the official Corps position or

4  interpretation for NWP 17 or the interplay between NWP 17 and other NWPs for hydropower

5  projects. There is nothing in the Decision Document, nothing in the Administrative Record, and

6  no official position documents about NWP 17 from the Corps' Headquarters in Washington D.C.

7  For example, the Corps Headquarters promulgates "Regulatory Guidance Letters" (RGLs) to

8  provide written guidance to the Districts, but no RGL has been issued on NWP 17.[1] Yet, despite

9  this utter lack of any meaningful, reputable, and credible documentation expressing a position

10 about NWP 17, the Corps' attorneys are claiming that a position exists.

11     The Corps' Brief represents that the Corps, or at least the Seattle District, does have an

12 "interpretation" on the key issue. The Brief states that activities related to hydropower projects

13 with a capacity greater than 5000 kilowatts "can be authorized" under another NWP if the

14 specific activities qualify, and then the Brief goes to state unequivocally that: "**this**

15 **interpretation represents standard practice for the Seattle District of the Corps**." Corps'

16 Brief, p. 37:1-7. Footnote 15 is tied to this sentence and it is footnote 15 that brings in the

17 Declaration of Michelle Walker.

---

[1] From the Corps' HQ website:

> Regulatory Guidance Letters (RGLs) were developed by the Corps as a system to organize and track written guidance issued to its field agencies. RGL's are normally issued as a result of evolving policy; judicial decisions and changes to the Corps regulations or another agency's regulations which affect the permit program. RGL's are used only to interpret or clarify existing Regulatory Program policy, but do provide mandatory guidance to the Corps district offices.

http://www.usace.army.mil/CECW/Pages/rglsindx.aspx (last visited on October 15, 2010).

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 4
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

1       That footnote and the rhetoric in the Motion for Protective Order are completely at odds with the substance of the Declaration of Michelle Walker. The premise of the Corps' Brief is first and foremost that the Corps actually has an "interpretation" on this issue. That is the substance of the representation in the Corps' Brief at pages 36-37—that an "interpretation" has been made, and that it is entitled to special deference by the Court. Corps' Brief, p. 20:14-19. With this in mind, the Declaration of Michelle Walker summarizes the asserted interpretation: "Consistent with the Corps regulatory guidance, work at the hydroelectric projects covered by Section 404 of the Clean Water Act, has not been limited to using only NWP 17." Walker Declaration, ¶ 4, p. 2:6-8.[2] The Declaration goes on to infer or imply (without really stating) that the listed 15 other hydropower projects were approved **based on** this important "interpretation." *Id.*, ¶ 4, p. 2:10-11 (these projects "met the criteria for Nationwide permits other than NWP 17"). Despite the lack of clarity, the Corps' attorneys are clear that the purpose of that statement in the Declaration is to **prove** that "the interpretation" has been followed in these 15 other projects:

> To inform the Court **that the Corps has followed this interpretation in other matters as well**, the Corps in a sentence and footnote of its brief requested that the Court take judicial notice that, in its Seattle District, the Corps has issued other verifications for discharges of dredged or fill material into waters of the Untied States associated with hydropower projects under NWPs other than NWP 17. The Corps attached a declaration from Corps employee Michelle Walker describing these verifications, which are all public actions. Although the referenced verifications are not part of the administrative record for judicial review in this case, the Corps contends that the Court may take judicial notice of this information.

Mot. for Protective Order, p. 4:1-8 (emphasis added). As noted, the asserted interpretation is not supported by any documentation at all, so the Walker Declaration is the only reflection of the

---

[2] The Alliance specifically reserves all objections to the admissibility of the Walker Declaration for evidentiary reasons, because it is not part of the administrative record, or any other reason. Said objections, if any, will be raised in the Alliance's response to the Corps' cross-motion in accordance with Local Rule 7(g).

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 5
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

asserted interpretation. Yet, the Walker Declaration provides simply a summary without any discussion about the genesis of the interpretation, whether it has changed over time, whether NWP 17 was ever considered during the permitting of the projects summarized in the declaration, whether the projects exceeded 5,000 kilowatts, whether any challenge was made and the outcome, and other facts forming the foundation of Ms. Walker's conclusion or lack thereof.

## ARGUMENT

As noted above, the Ninth Circuit states unequivocally that this Court may allow extra-record evidence "**when the agency has relied on documents not in the record**." *Center for Biological Diversity*, 450 F.3d at 943. The other reasons to allow extra-record evidence are (1) to determine whether the agency has considered all relevant factors, (2) to explain technical terms or complex subject matter, and (3) when plaintiffs make a showing of bad faith. *Id.* Discovery may be allowed in these four limited circumstances. *See also Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) (discussing factors that "justify expanding review beyond the record or permitting discovery").

Here, the agency has relied on documents not in the record, namely the Walker Declaration and the fifteen project files summarized therein, so discovery may be allowed. The authorities cited by in the Corps' Motion for Protective Order support this point, since they each assume that discovery could occur for the stated reasons, except that the requisite showing was not made. See Mot. for Protective Order, pp. 5-6 (citing *Havasupai Tribe v. Robertson*, 943 F.3d 32, 34 (9th Cir. 1991) ("discovery beyond the administrative record is permitted where it is clear that the agency considered documents outside of that record in reaching its conclusion"), and *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986) ("testimony" allowed in appropriate case)).

PLAINTIFF'S RESPONSE TO THE CORPS OF ENGINEERS' MOTION FOR PROTECTIVE ORDER - 6
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

1    The issue then turns to whether a protective order should issue. Here, the Corps seeks to
2    limit both the deposition of Ms. Walker and the production of the fifteen project files. FRCP
3    26(c) provides that the Court may issue a protective order when good cause is shown to protect a
4    party from "annoyance, embarrassment, oppression, or undue burden or expense." The Corps
5    has failed to demonstrate good cause for any of these criteria. Moreover, the Walker Declaration
6    says the Corps has an interpretation, but provides no foundation describing the circumstances of
7    the interpretation or the factors considered in making the interpretation. If the Court grants the
8    Corps' motion—or its proposed terms to artificially and unreasonably limit the scope of the
9    deposition[3]—the Court will not have the foundational facts regarding the interpretation, and thus
10   will have no basis to determine whether the asserted interpretation is of such a formal nature that
11   it should be allowed judicial deference. Nor, for that matter, will the Court be able to determine
12   whether the asserted interpretation is the product ad hoc consideration or post-hoc rationalization
13   without a "fair and considered judgment on the matter in question." *Auer v. Robbins*, 519 U.S.
14   452, 462 (1997) (post-hoc rationalization not found where Secretary of Labor's interpretation
15   provided in amicus brief requested by Supreme Court and Secretary not party to litigation).

16   For these reasons, the Court should deny the Corps' motion, allow Plaintiff to depose
17   Michelle Walker concerning the substance and foundation of her declaration, and require the
18   Corps to produce the fifteen project files referred to therein. The information sought through the
19   deposition and project files is precisely the information this Court needs in order to make an
20   informed determination what, if any, deference should be accorded to the Corps' asserted
21   interpretation.

---

[3] *See* Mot. for Protective Order, p. 10:22-25 ("the Court should narrowly limit the scope of that deposition to questions to verify that those verifications were under NWPs other than NWP 17 and that they involved discharges into waters of the United States associated with hydroelectric facilities").

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 7
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED this 18th day of October, 2010. |
| 2 | GROEN STEPHENS & KLINGE LLP |
| 3 | s/ Charles A. Klinge & Brian D. Amsbary |
| | Charles A. Klinge, WSBA #26093 |
| 4 | Brian D. Amsbary, WSBA #36566 |
| 5 | GROEN STEPHENS & KLINGE LLP |
| | 11100 NE 8th Street, Suite 750 |
| 6 | Bellevue, WA 98004 |
| | (425) 453-6206 (telephone) |
| 7 | (425) 453-6224 (facsimile) |
| | klinge@GSKlegal.pro |
| 8 | amsbary@GSKlegal.pro |

PLAINTIFF'S RESPONSE TO THE CORPS OF ENGINEERS' MOTION FOR PROTECTIVE ORDER - 8
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System to which will send notification of such filing to the following:

| | |
|---|---|
| Matthew B. Henjum<br>matthew.henjum@usdoj.gov | J. Michael Diaz<br>Michael.diaz@usdoj.gov |
| Rebecca S. Cohen<br>rebecca.cohen@usdoj.gov | Kristine R. Wilson<br>KRWilson@perkinscoie.com |
| Tyler Bair<br>tyler.bair@usdoj.gov | Mark W. Schneider<br>MWSchneider@perkinscoie.com |
| David J. Kaplan<br>david.kaplan@usdoj.com | |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

Dated: October 18, 2010.

s/ Brian D. Amsbary
Brian D. Amsbary, WSBA #36566

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206 (telephone)
(425) 453-6224 (facsimile)
amsbary@GSKlegal.pro

PLAINTIFF'S RESPONSE TO THE CORPS OF
ENGINEERS' MOTION FOR PROTECTIVE
ORDER - 9
(CV-10-1108-JCC)

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
(425) 453-6206